IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

| | |
|---|---|
| HOLLIE ROUGEAUX-LUNA, on behalf of herself and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>ALLY FINANCIAL, INC.,<br><br>Defendant. | Case No. 3:18-cv-321<br><br>**CLASS AND COLLECTIVE ACTION COMPLAINT**<br><br>**JURY TRIAL DEMANDED** |

Plaintiff, Hollie Rougeaux-Luna ("Plaintiff"), individually and on behalf of all others similarly situated, by and through her undersigned counsel, brings this collective action under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*, class action under Federal Rule of Civil Procedure 23 and the North Carolina Wage and Hour Act ("NCWHA"), N.C. Gen. Stat. § 95-25.1 *et seq.*, and individual action under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.*, as amended ("Title VII"), against Defendant Ally Financial, Inc. ("Defendant" or "Ally"), its subsidiaries and affiliates, and alleges upon personal belief as to herself and her own acts, and as for all other matters, upon information and belief, and based upon the investigation made by counsel, as follows:

**NATURE OF ACTION**

1. Plaintiff brings this action to redress Defendant's violation of the FLSA by knowingly suffering or permitting Plaintiff and other similarly situated workers to work in excess of 40 hours per week without properly compensating them at an overtime rate for those additional hours. Plaintiff also brings this action to redress Defendant's violation of the NCWHA by knowingly and intentionally failing to pay Plaintiff and putative class members all wages accruing to them on

their regular paydays. Plaintiff and similarly situated workers worked for Defendant as hourly-paid Project Managers, Change Managers, and other similar positions, regardless of their precise titles.

2. In addition, Plaintiff brings this action to redress Defendant's violation of Title VII by discriminating against her because of her sex (female) and subjecting her to retaliation.

## PARTIES

3. Representative Plaintiff Hollie Rougeaux-Luna ("Plaintiff") is an adult female citizen and resident of North Carolina who worked for Defendant in Charlotte, North Carolina as an hourly-paid Change Manager from on or about August 14, 2017 through November 20, 2017.

4. Defendant is a corporation existing under the laws of the State of Delaware with its principal place of business located in Detroit, Michigan. Defendant is registered to conduct business in North Carolina and has business locations throughout the United States, including Charlotte, North Carolina. Defendant provides financial services including auto financing, corporate financing, insurance, mortgages, stock brokerage, and online banking services to customers throughout this District and nationwide.

5. At all times herein mentioned, Defendant was an employer of Plaintiff within the meaning of the FLSA, 29 U.S.C. § 203(d), the NCWHA, and Title VII. At all relevant times, Defendant maintained control over Plaintiff and similarly situated members of the proposed collective action, including compensation and other employment practices that applied to them.

6. Defendant is covered by the provisions of the FLSA because it is an "enterprise engaged in commerce" under the FLSA, 29 U.S.C. § 203(s)(1)(A), because it has employees engaged in commerce and revenue that exceeds $500,000.00.

# JURISDICTION AND VENUE

7. This Court has subject-matter jurisdiction over this action pursuant to 29 U.S.C. § 216(b), which provides that suit under the FLSA "may be maintained against any employer … in any Federal or State court of competent jurisdiction." The Representative Plaintiff has signed an opt-in consent form to join this lawsuit, attached hereto as Exhibit A.

8. This Court has jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. §§ 1331 and 1343 because Plaintiff's claims arise under the FLSA and Title VII.

9. This Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

10. Venue is proper in this judicial District pursuant to 28 U.S.C. § 1391(b) and 42 U.S.C. § 2000e-5(f)(3), because Defendant conducts business within this District and the actions and omissions giving rise to the claims pled in this Complaint occurred within this District.

11. On or about March 22, 2018, Plaintiff filed a charge of discrimination with the Charlotte District Office of the U.S. Equal Employment Opportunity Commission ("EEOC"), EEOC Charge No. 430-2018-00616, alleging discrimination and retaliation based on her sex and/or gender against Defendant, attached hereto as Exhibit B.

12. Plaintiff's EEOC charge was timely filed within one hundred eighty (180) days after the alleged unlawful employment practices occurred, satisfying the requirement of 42 U.S.C. § 2000e-5(e) with the EEOC.

13. On or about March 23, 2018, the EEOC issued via mail a notice of Right to Sue to Plaintiff in the matter of EEOC Charge No. 430-2018-00616, which was received within ninety (90) days of the filing of this action by the Plaintiff. A copy of the notice of Right to Sue is attached hereto as Exhibit C.

14. Plaintiff has complied with all jurisdiction requirements of Title VII before initiating this proceeding.

## TITLE VII INDIVIDUAL ALLEGATIONS

15. On or about August 14, 2017, Plaintiff was hired to work as a Change Manager for Defendant through CompuGroup Technologies, a staffing agency. As was the customary practice within Defendant's workforce, Plaintiff was initially hired under a temporary contract with the option to convert to permanent full-time employment with Defendant at a future date.

16. Plaintiff was interviewed and hired for the Change Manager position by Michael Gibeaut, Defendant's IT Director, who was also Plaintiff's direct supervisor throughout her employment.

17. Plaintiff was the only female project manager in Mr. Gibeaut's group of about thirty subordinates.

18. Plaintiff successfully met her objectives and goals during the first few weeks of her employment and received praise for her initiative in setting up a new methodology.

19. Approximately a month into Plaintiff's employment, Mr. Gibeaut's demeanor toward Plaintiff abruptly changed. He began to exclude her from vendor meetings, and once took her aside into his office and stated, "You need to quit before I start to hate you."

20. On information and belief, Mr. Gibeaut's began to retaliate against Plaintiff because he was under the mistaken belief that Plaintiff, because she was female, was the source of a complaint made to Human Resources that Mr. Gibeaut created a hostile work environment. Plaintiff observed HR representatives meeting with Mr. Gibeaut in his office on multiple occasions.

21. Mr. Gibeaut's retaliatory behavior toward Plaintiff worsened, and on or about October 4, 2017, Mr. Gibeaut informed Plaintiff that her position was losing funding and that her termination was imminent. Mr. Gibeaut refused to give her an end date for her assignment. Days later, Plaintiff

received a notice through CareerBuilder.com that her position had been posted.

22. Mr. Gibeaut treated Plaintiff differently than his male subordinates. He routinely excluded her from important meetings and conference calls. He raised his voice at her and criticized her in front of her colleagues and shadowed her on conference calls with vendors. He once interrupted a meeting to yell at her that she "should not be leading meetings," embarrassing her in front of colleagues. He assigned tasks to other men in the office that should have been part of Plaintiff's job as a Change Manager.

23. Mr. Gibeaut also tasked Plaintiff with training four workers who would replace her, all of whom were men.

24. On November 20, 2017, without advance notice, Mr. Gibeaut informed Plaintiff that her employment was terminated.

25. Plaintiff contends that Defendant's alleged reasons for terminating her employment were a pretext for illegal discrimination and retaliation.

26. On or about November 28, 2017, a former co-worker informed Plaintiff that Mr. Gibeaut was forced to resign. Plaintiff immediately filed a complaint with Defendant's whistleblower hotline concerning the gender discrimination and retaliation she experienced under Mr. Gibeaut's supervision. Her complaint was investigated and substantiated by Defendant.

27. Throughout Plaintiff's employment with Defendant, Plaintiff was performing the duties of her position satisfactorily and meeting or exceeding Defendant's legitimate expectations, and Plaintiff did not suffer an adverse employment action until after an unidentified female employee complained of gender and/or sex-based discrimination to Defendant.

28. Defendant is vicariously liable for the acts of its employees, officers, and agents thereof, including but not limited to Michael Gibeaut.

## FLSA COLLECTIVE ACTION ALLEGATIONS

29. Plaintiff brings this collective action on behalf of herself and all others similarly situated pursuant to the FLSA, 29 U.S.C. § 216(b), to recover unpaid wages, unpaid overtime compensation, liquidated damages, statutory penalties, prejudgment interest, attorneys' fees and costs, and other damages related to Defendant's violation of the FLSA.

30. Plaintiff brings this action under the FLSA on behalf of the following collective class of similarly situated individuals:

> All individuals who performed work for Defendant as hourly-paid Project Managers, Change Managers, or any other similarly titled position, during the applicable statute of limitations period who were not paid overtime compensation at 1½ times their regular hourly rate for time worked in excess of forty (40) hours in given workweeks (the "FLSA Collective").

31. Plaintiff is a member of the FLSA Collective she seeks to represent because she worked as a Change Manager during the relevant period and was routinely required, suffered or permitted to work more than 40 hours per week without proper overtime compensation. Namely, Plaintiff was not paid compensation for overtime wages earned at a rate of one and one-half times her regular rate, but was instead paid a straight hourly rate for all time worked and recorded, including time worked over 40 hours a week.

32. Although Plaintiff and the members of the FLSA Collective may have worked in different locations throughout the relevant period, this action may be properly maintained as a collective action because Plaintiff and members of the FLSA Collective were similarly situated. Specifically:

   a. Defendant dictated and controlled all aspects of Plaintiff's work and the work of the members of the FLSA Collective, including their assignments, work schedules, and timekeeping practices applicable to them;

   b. Plaintiff and members of the FLSA Collective were interviewed by Defendant, were subject to hiring criteria established by Defendant, and were required to complete Defendant's hiring process, including completion of a background check, drug test, prior employment

verification, and Defendant's on-boarding forms;

c. Plaintiff and members of the FLSA Collective reported to an Ally supervisor, and were provided Ally work spaces, company-issued laptops, and Ally e-mail addresses;

d. Defendant required Plaintiff and the members of the FLSA Collective to follow uniform company policies, practices and directives;

e. Plaintiff and members of the FLSA Collective were subject to the same hourly compensation scheme, which was dictated, controlled and ratified by Defendant;

f. Plaintiff and members of the FLSA Collective worked as project managers and did not perform in the role of computer systems analysts, computer programmers, software engineers, or other computer employees whose primary duty consists of (1) the application of systems analysis techniques and procedures, including consulting with users, to determine hardware, software or system functional specifications; (2) the design, development, documentation, analysis, creation, testing or modification of computer systems or programs, including prototypes, based on and related to user or system design specifications; (3) the design, documentation, testing, reaction or modification of computer programs related to machine operating systems; or (4) a combination of the aforementioned duties, the performance of which requires the same level of skills (*see* 29 U.S.C. § 213(a)(17));

g. Plaintiff and members of the FLSA Collective worked in excess of 40 hours per week;

h. Regardless of their work location, Defendant did not pay Plaintiff and members of the FLSA Collective an overtime premium of one and one-half times their regular rate for all time worked in excess of 40 hours per week;

i. Defendant maintained common timekeeping systems and policies with respect to Plaintiff and members of the FLSA Collective, regardless of their work location.

33. Defendant encouraged, required, suffered, and/or permitted Plaintiff and members of the FLSA Collective to work, and they routinely did work, in excess of 40 hours in given workweeks without pay for overtime wages earned at a rate of one and one-half times their regular rate.

34. Defendant failed to create or maintain accurate records of all of the hours worked by

Plaintiff and members of the FLSA Collective.

35. Defendant was aware, or should have been aware, that Plaintiff and similarly situated workers were not subject to an exemption from the payment of overtime compensation.

36. Defendant knew or should have known that Plaintiff and members of the FLSA Collective performed work that required additional wages and overtime compensation to be paid. Namely, Defendant withheld the legally required half-time premium for time worked by Plaintiff and members of the FLSA Collective in excess of 40 hours per week. Defendant operated under a scheme to deprive Plaintiff and members of the FLSA Collective of wages and overtime compensation.

37. Defendant's conduct, as alleged herein, reduced Defendant's labor and payroll costs.

38. Defendant's conduct, as alleged herein, constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255. As a result of Defendant's improper and willful failure to pay Plaintiff and similarly situated workers in accordance with the requirements of the FLSA, Plaintiff and members of the FLSA Collective suffered lost wages and other damages.

39. Defendant is liable under the FLSA for failing to properly compensate Plaintiff and members of the FLSA Collective. Plaintiff requests that the Court authorize notice to the members of the FLSA Collective to inform them of the pendency of this action and their right to "opt-in" to this lawsuit pursuant to 29 U.S.C. § 216(b), for the purpose of seeking unpaid wages, unpaid overtime compensation, liquidated damages under the FLSA, and the other relief requested herein.

40. Plaintiff estimates that there are well in excess of one hundred (100) similarly situated current and former members of the FLSA Collective nationwide who would benefit from the issuance of court-supervised notice and an opportunity to join the present action if they choose.

41. The precise number of members of the FLSA Collective can be easily ascertained using

Defendant's billing, timekeeping, and payroll records and other records. Given the composition and size of the FLSA Collective, members may be informed of the pendency of this action directly via U.S. mail, e-mail, and otherwise.

## NCWHA CLASS ALLEGATIONS

42. Pursuant to Rule 23 of the Federal Rules of Civil Procedure ("Rule 23"), Plaintiff brings claims for relief on her own behalf and as a representative a class under the NCWHA, N.C. Gen. Stat. § 95-25.1 *et seq.*, to recover unpaid wages, statutory penalties, prejudgment interest, attorneys' fees and costs, and other damages related to Defendant's violation of the NCWHA.

43. Plaintiff seeks class certification under Rule 23 for the following class under the NCWHA:

> All individuals who performed work for Defendant as hourly-paid Project Managers, Change Managers, or any other similarly titled position, in the state of North Carolina during the applicable statute of limitations period who were not timely paid all earned wages on their regular paydays (the "NCWHA Class").

44. This action is properly maintained as a class action under Rule 23(a) and Rule 23(b) because:

   a. The NCWHA Class is so numerous that joinder of all members is impracticable;

   b. There are questions of law or fact that are common to the NCWHA Class;

   c. The claims or defenses of the Plaintiff are typical of the claims or defenses of the NCWHA Class; and,

   d. The Plaintiff will fairly and adequately protect the interests of the NCWHA Class.

### Numerosity

45. Upon information and belief, Plaintiff estimates that there are at least (40) putative class members in the NCWHA Class. The precise number of NCWHA Class members can be easily ascertained using Defendant's personnel, time, and payroll records and other records.

### Commonality

46. There are numerous and substantial questions of law and fact common to the NCWHA Class members, including, without limitation, the following:

   a. Whether Defendant failed to pay the NCWHA Class all earned accrued wages on their regular paydays;

   b. Whether Defendant maintained common timekeeping and payroll systems and policies with respect to the NCWHA Class, regardless of their work location;

   c. Whether Defendant failed to keep true and accurate records of the amount of time the NCWHA Class actually worked;

   d. Whether Defendant willfully or recklessly disregarded the law in implementing its wage and hour policies applicable to the NCWHA Class; and,

   e. The nature and extent of the class-wide injury and the appropriate measure of damages for the NCWHA Class.

47. Plaintiff anticipates that Defendant will raise defenses that are common to the NCWHA Class.

### Adequacy

48. Plaintiff will fairly and adequately protect the interests of all members of the NCWHA Class, and there are no known conflicts of interest between Plaintiff and NCWHA Class members. Plaintiff, moreover, has retained experienced counsel who are competent in the prosecution of complex litigation and who have extensive experience acting as class counsel specifically in wage and hour litigation.

### Typicality

49. The claims asserted by the Plaintiff are typical of the NCWHA Class members she seeks to represent. The Plaintiff has the same interests and suffers as a result of the same unlawful practices as the NCWHA Class members.

50. Upon information and belief, there are no other NCWHA Class members who have an interest individually controlling the prosecution of his or her individual claims, especially in light of the relatively small value of each claim and the difficulties involved in bringing individual litigation against one's employer. However, if any such class member should become known, he or she can opt out of this action pursuant to Rule 23.

**<u>Common Questions of Law and Fact Predominate and a Class Action is Superior to Joinder of Claims or Individual Lawsuits</u>**

51. The common questions identified above predominate over any individual issues because Defendant's conduct and the impact of its policies and practices affected NCWHA Class members in the same manner: they were suffered and/or permitted to work without receiving all earned wages on their regular paydays.

52. A class action is superior to other available means for the fair and efficient adjudication of this controversy because individual joinder of the parties is impracticable. Class action treatment will allow a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of effort and expense if these claims were brought individually. Moreover, as the damages suffered by each class member are relatively small in the sense pertinent to class action analysis, the expense and burden of individual litigation would make it difficult for individual class members to vindicate their claims.

53. On the other hand, important public interests will be served by addressing the matter as a class action. The cost to the court system and the public for the adjudication of individual litigation and claims would be substantial and substantially more than if claims are treated as a class action. Prosecution of separate actions by individual class members would create a risk of inconsistent and varying adjudications, establish incompatible standards of conduct for

11
Case 3:18-cv-00321   Document 1   Filed 06/20/18   Page 11 of 18

Defendant, and/or substantially impair or impede the ability class members to protect their interests. The issues in this action can be decided by means of common, class-wide proof. In addition, if appropriate, the Court can and is empowered to, fashion methods to efficiently manage this action as a class action.

## COUNT I

**COLLECTIVE ACTION VIOLATION OF THE FAIR LABOR STANDARDS ACT**

54. Each of the preceding paragraphs is incorporated by reference as though fully set forth herein.

55. Defendant operates an "enterprise" as defined by Section 3(r)(1) of the FLSA, 29 U.S.C. § 203(r)(1), and is engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1)(A), 29 U.S.C. § 203(s)(1)(A).

56. Plaintiff and the members of the FLSA Collective are similarly situated employees within the meaning of the FLSA, 29 U.S.C. § 216(b).

57. Section 207(a)(1) of the FLSA states that an employee must be paid an overtime rate equal to at least one and one-half times the employee's regular rate of pay for all hours worked in excess of 40 hours per week.

58. Throughout the relevant period, Defendant violated the FLSA by routinely suffering or permitting Plaintiff and members of the FLSA Collective to work overtime hours without paying them proper overtime compensation.

59. Throughout the relevant period, Plaintiff and members of the FLSA Collective worked in excess of 40 hours per week, but were not paid an overtime premium of one and one-half times their regular hourly rate for those additional hours.

60. Plaintiff and members of the FLSA Collective are not properly classified as exempt.

61. Defendant's violations of the FLSA, as described herein, have been willful and intentional. Defendant failed to make a good faith effort to comply with the FLSA with respect to the compensation of Plaintiff and members of the FLSA Collective.

62. Because Defendant's violations of the FLSA have been willful, a three-year statute of limitations applies, pursuant to 29 U.S.C. § 255.

63. Plaintiff and members of the FLSA Collective have been harmed as a direct and proximate result of Defendant's unlawful conduct because they have been deprived of overtime wages owed for time worked in excess of 40 hours per week from which Defendant derived a direct and substantial benefit.

64. As a result of the unlawful acts of Defendant, Plaintiff and members of the FLSA Collective have been deprived of overtime compensation and other wages in amounts to be determined at trial, and are entitled to recovery of such amounts, liquidated damages, prejudgment interest, attorneys' fees, costs and other compensation pursuant to 29 U.S.C. § 216(b).

## COUNT II

**CLASS ACTION VIOLATION OF THE NORTH CAROLINA WAGE AND HOUR ACT**

65. Each of the preceding paragraphs is incorporated by reference as though fully set forth herein.

66. Plaintiff is a member of the NCWHA Class, which meets the requirements for certification and maintenance of a class action pursuant to Rule 23.

67. It is unlawful under North Carolina law for an employer to require or permit an employee to work without paying compensation for all hours worked in violation of N.C. Gen. Stat. § 95-25.6.

68. Defendant failed to pay Plaintiff and the NCWHA Class members all accrued wages on

13

Case 3:18-cv-00321   Document 1   Filed 06/20/18   Page 13 of 18

the employees' regular paydays for all hours worked.

69.     Defendant's conduct constitutes a willful violation of the NCWHA, N.C. Gen. Stat. § 95-25.1 *et seq.*, including but not limited to N.C. Gen. Stat. § 95-25.6 and § 95-25.7.

70.     Plaintiff and the NCWHA Class members have sustained losses in compensation as a proximate result of Defendant's violations of the NCWHA. Accordingly, Plaintiff, on behalf of herself and the NCWHA Class members, seeks damages in the amount of their unpaid earned compensation, plus liquidated damages and interest at the legal rate set for in N.C. Gen. Stat. § 95-25.22(a) and (a)(1).

71.     Plaintiff, on behalf of herself and NCWHA Class members, seeks recovery of her attorneys' fees and costs, as provided by the NCWHA, N.C. Gen. Stat. § 95-25.22.

## COUNT III

### INDIVIDUAL VIOLATION OF TITLE VII (SEX DISCRIMINATION)

72.     Each of the preceding paragraphs is incorporated by reference as though fully set forth herein.

73.     Plaintiff has satisfied all procedural and administrative requirements of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.*, as amended ("Title VII"), by filing a timely Charge of Discrimination with the EEOC, receiving a Right to Sue letter from the EEOC and filing a Complaint within 90 days of receipt of the Right to Sue letter.

74.     Plaintiff is female.

75.     Defendant has discriminated against Plaintiff in violation of Title VII by subjecting Plaintiff to different treatment on the basis of her sex and/or gender.

76.     Plaintiff has suffered disparate treatment as a result of Defendant's wrongful conduct.

77.     Defendant has discriminated against Plaintiff by treating her differently from, and less

preferably than, similarly-situated male individuals, and by subjecting Plaintiff to discriminatory harassment and interference with her ability to perform her job, resulting in Plaintiff's termination, in violation of Title VII.

78. Defendant's conduct has been intentional, deliberate, willful, malicious, reckless, and conducted in callous disregard of the rights of Plaintiff, entitling Plaintiff to punitive damages.

79. Defendant is liable for its agents and supervisory employees, due to its failure to address issues of discrimination and harassment of which it was aware.

80. As a result of Defendant's conduct as alleged in this complaint, Plaintiff has suffered and continues to suffer harm, including but not limited to lost earnings, lost benefits, costs and expenses, and other financial loss, as well as humiliation, inconvenience, embarrassment, emotional and physical distress, and mental anguish.

81. By reason of Defendant's discrimination, Plaintiff is entitled to all remedies available for violations of Title VII, including an award of punitive damages.

82. Attorneys' fees should be awarded under 42 U.S.C. § 2000e-5(k).

## COUNT IV

### INDIVIDUAL VIOLATION OF TITLE VII (RETALIATION)

83. Each of the preceding paragraphs is incorporated by reference as though fully set forth herein.

84. Defendant retaliated against Plaintiff by terminating her employment based on the erroneous belief that she had engaged in protected activity and complained about violations of Title VII.

85. Plaintiff had no substantiated performance issues, performed the duties of her position satisfactorily and met or exceeded Defendant's legitimate expectations, and Plaintiff did not suffer

an adverse employment action until after Defendant received a complaint of gender and/or sex-based discrimination perpetrated by Plaintiff's direct supervisor.

86. Defendant's conduct has been intentional, deliberate, willful, malicious, reckless, and conducted in callous disregard of the rights of Plaintiff, entitling Plaintiff to punitive damages.

87. Defendant is liable for its agents and supervisory employees, due to its failure to address issues of discrimination and harassment of which it was aware.

88. As a result of Defendant's conduct as alleged in this complaint, Plaintiff has suffered and continues to suffer harm, including but not limited to lost earnings, lost benefits, costs and expenses, and other financial loss, as well as humiliation, inconvenience, embarrassment, emotional and physical distress, and mental anguish.

89. By reason of Defendant's discrimination, Plaintiff is entitled to all remedies available for violations of Title VII, including an award of punitive damages.

90. Attorneys' fees should be awarded under 42 U.S.C. § 2000e-5(k).

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff Hollie Rougeaux-Luna, individually and on behalf of all others similarly situated, by and through her attorneys, demands judgment against the Defendant and in favor of Plaintiff and all others similarly situated, for a sum that will properly, adequately and completely compensate them for the nature, extent and duration of their damages, the costs of this action and as follows:

    a. Certify a collective action of the FLSA Collective under Count I and designate Plaintiff as the representative of all those employees similarly situated;

    b. Order Defendant to furnish to counsel a list of all names, telephone numbers, email addresses and current (or best known) home addresses of the members of the proposed FLSA Collective;

c. Authorize Plaintiff's counsel to issue notice at the earliest possible time informing the members of the FLSA Collective that this action has been filed, of the nature of the action, and of their right to opt-in to this lawsuit if they were deprived of proper overtime compensation, as required by the FLSA;

d. Certify a class action of the NCWHA Class under Count II;

e. Appoint Stephan Zouras, LLP and Gibbons Leis as counsel for the NCWHA Class under Rule 23(g);

f. Declare and find that Defendant committed one or more of the following acts:

   i. Violated overtime provisions of the FLSA by failing to pay proper overtime wages to Plaintiff and similarly situated persons who opt-in to this action;

   ii. Violated payday provisions of the NCWHA by failing to timely pay all earned wages to Plaintiff and NCWHA Class members on their regular paydays and upon separation of employment;

   iii. Violated Title VII with regard to Defendant's discrimination against Plaintiff on the basis of her sex and/or gender (female).

   iv. Violated Title VII with regard to Defendant's retaliation against Plaintiff; and

   v. Willfully violated provisions of the FLSA, NCWHA, and Title VII.

g. Award compensatory damages in an amount according to proof under the FLSA, NCWHA, and Title VII;

h. Award Plaintiff and all those similarly situated pre- and post-judgment interest at the statutory rate as provided by the NCWHA, N.C. Gen. Stat. § 95-25.22(a), and pursuant to the FLSA;

i. Award liquidated damages in an amount equal to the amount of unpaid compensation found due under the FLSA and NCWHA;

j. Award punitive damages under Title VII in an amount in the discretion of the jury;

k. Award all costs and reasonable attorneys' fees incurred prosecuting this claim under the FLSA, NCWHA, and Title VII;

l.  Grant leave to amend to add claims under applicable state and federal laws;

m.  Grant leave to add additional plaintiffs by motion, the filing of written consent forms, or any other method approved by the Court; and

n.  For such further relief as the Court deems just and equitable.

## JURY DEMAND

Plaintiff hereby demands a trial by jury on all issues so triable.

Dated: June 20, 2018

Respectfully Submitted,

/s/ *Philip J. Gibbons, Jr.*

Philip J. Gibbons, Jr.
North Carolina Bar No. 50276
Craig L. Leis
North Carolina Bar No. 48502
**GIBBONS LEIS, PLLC**
14045 Ballantyne Corporate Place, Ste. 325
Charlotte, NC 28277
phil@gibbonsleis.com
craig@gibbonseleis.com


Ryan F. Stephan (*pro hac vice* forthcoming)
Teresa M. Becvar (*pro hac vice* forthcoming)
**STEPHAN ZOURAS, LLP**
205 North Michigan Avenue, Suite 2560
Chicago, Illinois 60601
(312) 233 1550
rstephan@stephanzouras.com
tbecvar@stephanzouras.com

***Counsel for Plaintiff and the Putative Collective and Class***