IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

| | |
|---|---|
| HOLLIE ROUGEAUX-LUNA,<br>on behalf of herself and all others similarly situated,<br><br>          Plaintiff,<br><br>  v.<br><br>ALLY FINANCIAL, INC.,<br><br>          Defendant. | Civil Action No. 3:18-cv-00321-FDW-DCK |

## JOINT MOTION FOR APPROVAL OF FLSA SETTLEMENT

Plaintiff Hollie Rougeaux-Luna ("Plaintiff"), and Defendant Ally Financial, Inc. ("Defendant") (together with the Plaintiff, the "Parties"), through their undersigned counsel, jointly move the Court for an Order approving the settlement reached in this action under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq*.

The Parties have agreed to the settlement of this *bona fide* FLSA dispute after sufficient discovery and following arm's-length negotiations between counsel. The Parties submit that the terms of the FLSA Settlement Agreement are fair, reasonable, and adequate, particularly in light of the existence of disputed issues of fact, disputed issues of law with respect to liability, uncertainty as to whether the Plaintiff would obtain a judgment in her favor, and the risk of possible appeals.

### I.    PROCEDURAL BACKGROUND

Named Plaintiff filed this action on June 20, 2018, alleging that Defendant failed to pay her and other similarly situated workers overtime pay in violation of the federal FLSA and failed to pay all wages accruing to them on their regular paydays under the North Carolina Wage and

Hour Act ("NCWHA"), N.C. Gen Stat. § 95-25.1, *et seq*. (Dkt. No. 1.) In addition, Plaintiff asserted gender discrimination and retaliation claims under Title VII of the Civil Rights Act of 1964, 42, U.S.C. § 2000e, *et seq.*, as amended. (*Id.*) Defendant has denied all of the claims asserted by Plaintiff, denies that any similarly situated workers exist, and denies all liability associated with any of the facts or claims alleged in the lawsuit, including denying that Defendant employed Plaintiff.

The Parties have engaged in preliminary discovery, including written discovery and document production of Plaintiff's payroll and employment records and ESI discovery in the form of Defendant's email communications. According to Defendant's verified responses to interrogatories, Plaintiff was the only worker supplied by a staffing company who worked as a Change Manager in Ally's IT mortgage business unit. In addition, discovery has revealed that Plaintiff's maximum claim for unpaid overtime during the relevant limitations period is $1,340.63. This amount is based on Plaintiff's allegation that she was not paid overtime wages earned at a rate of one and one-half times her regular rate, but was instead paid a straight hourly rate of $65.00 per hour for all time worked over 40 hours a week. (*See* Dkt. No. 1 at ¶ 31.) As a result, Plaintiff's unpaid overtime claim is calculated by multiplying her 41.25 hours of recorded overtime by her hourly rate of $65.00 by a half-time multiplier.

Concurrent with discovery, the Parties participated in arm's length settlement discussions, and a result of these settlement discussions, agreed to settle the issues, matters and things in dispute between and among them on an individual basis. The terms of this agreement have been formalized in their Fair Labor Standards Act Settlement Agreement ("FLSA Settlement Agreement"), attached hereto as Exhibit A, and a separately executed Confidential Settlement Agreement and

2

Case 3:18-cv-00321-FDW-DCK   Document 26   Filed 12/17/18   Page 2 of 9

General Release, which resolves her remaining gender discrimination and retaliation claims on a confidential basis and is not subject to Court approval.

## II. STANDARD OF REVIEW

The Parties have reached a settlement of Plaintiff's FLSA claims and now seek Court approval of that settlement. *Blaney v. Charlotte-Mecklenburg Hosp. Auth.*, No. 3:10-CV-592, 2012 WL 13012965, at *1 (W.D.N.C. Aug. 14, 2012) ("FLSA cases can be settled when the settlement is supervised by a court."); *see also Taylor v. Progress Energy, Inc.*, 493 F.3d 454, 460 (4th Cir. 2007).

Although the Fourth Circuit has not set forth specific guidelines for approval of a settlement of FLSA claims, some district courts have followed the guidelines set forth by the Eleventh Circuit in *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350 (11th Cir. 1982). *See, e.g.*, *Kianpour v. Restaurant Zone, Inc.*, No. Civ. A. DKC 11-0802, 2011 WL 5375082, at *2 (D. Md. Nov. 4, 2011). In the "context of suits brought directly by employees against their employer … to recover back wages for FLSA violations," the district court "may enter a stipulated judgment after scrutinizing the settlement for fairness." *Lynn's Food Stores, Inc.*, 679 F.2d at 1353. Before approving a settlement, a district court must conclude that it is a "fair and reasonable resolution of a bona fide dispute over FLSA provisions." *Id.* at 1355.

Importantly, there is a "strong presumption in favor of finding a settlement fair that must be kept in mind in considering the various factors to be reviewed in making the determination of whether an FLSA settlement is fair, adequate, and reasonable." *Lomascolo v. Parsons Brinckerhoff, Inc.*, No. 1:08cv1310 (AJT/JFA), 2009 WL 3094955, at *10 (E.D. Va. Sept. 28, 2009) (internal quotation omitted). A settlement is not a trial, and a court's role is more of a balancing of the likelihoods than actual determinations of fact and law. *Id.* "A court is entitled to

3

rely on the judgment of experienced counsel for the parties in performing this balancing task and absent fraud, collusion or the like, a court should be hesitant to substitute its own judgment for that of counsel." *Id.* In light of the significant risks of litigating such cases, "[c]ourts have recognized a role for less-than-full-value compromise in the FLSA settlement process." *Galvez v. Americlean Services Corp.*, No. 1:11cv1351 (JCC/TCB), 2012 WL 2522814, at *4 (E.D. Va. June 29, 2012) (citing *Alleyne v. Time Moving & Storage Inc.*, 264 F.R.D. 41, 57-58 (E.D.N.Y. 2010) (approving settlement of FLSA claims at thirteen to seventeen percent of maximum recovery)).

### III. ARGUMENT

#### A. The Proposed FLSA Settlement Is the Product of Contested Litigation.

The FLSA settlement reached by the Parties was achieved as the result of contested litigation to resolve *bona fide* disputes concerning Plaintiff's entitlement to alleged unpaid overtime under the FLSA. The Parties strongly disagree over whether any workers exist who are similarly situated to Plaintiff; whether Plaintiff, who worked for Defendant through a staffing agency, was jointly employed by Defendant; and whether liquidated damages under the FLSA would be available under the facts of this case. The settlement was negotiated based upon the facts as revealed through discovery and the law relevant to the case. If a settlement in an employee FLSA suit reflects a reasonable compromise over issues, such as FLSA coverage or computation of back wages that are actually in dispute, the court may approve the settlement "in order to promote the policy of encouraging settlement of litigation." *Lynn's Food Stores, Inc.*, 679 F.2d at 1354.

Defendant denies liability or wrongdoing of any kind associated with Plaintiff's claims, and Plaintiff believes she has meritorious claims. The Parties have determined, however, that continued litigation would be protracted, expensive, uncertain, and contrary to their best interests.

4

In light of these realities, the Parties believe that the FLSA Settlement Agreement is the best way to resolve disputes over unpaid overtime between and among them.

### B. The Settlement Is Fair, Adequate, and Reasonable.

In reviewing the record and evaluating the strength of the case to determine whether a proposed FLSA settlement is "a fair and reasonable resolution of a *bona fide* dispute over [the application of the] FLSA['s] provisions," *Lynn's Food Stores, Inc.*, 679 F.3d at 1355, courts consider the following factors: (1) the extent of discovery that has taken place; (2) the stage of the proceedings; (3) the absence of fraud or collusion in the settlement; (4) the experience of counsel who have represented the plaintiff; (5) the opinions of counsel and plaintiff; and (6) the probability of plaintiff's success on the merits and the amount of the settlement in relation to the potential recovery. *Blaney*, 2012 WL 130121965, at *1; *see also Lomascolo*, 2009 WL 3094955 at *11 (collecting and listing cases applying these factors).

The Parties' settlement is fair and reasonable and meets all applicable factors considered by courts. Here, the settlement was achieved after the Parties had exchanged adequate discovery to perform the necessary calculations to determine potential range of recovery in this case. *Lomascolo*, 2009 WL 3094955 at *11 (discovery must be sufficient to "fairly evaluate the liability and financial aspects of [the] case") (internal quotation omitted).

There is not even a hint that the settlement here is the product of fraud or collusion. "There is a presumption that no fraud or collusion occurred between counsel, in the absence of any evidence to the contrary." *See Lomascolo*, 2009 WL 3094955 at *12 (citation omitted). The settlement was reached in an adversarial proceeding through arm's length negotiations between capable attorneys who have extensive experience with wage and hour claims. Counsel for the Parties are experienced in complex class and collective action litigation and have represented

5

clients in numerous wage and hour class and collective actions. *See generally* http://www.stephanzouras.com (Plaintiff's counsel's website). Additionally, counsel for the Parties were thoroughly familiar with the facts and legal issues when settlement was reached. In the end, experienced counsel on both sides of the matter deemed the settlement fair and reasonable. *Houston v. URS Corp.*, No. 1:08cv203 (AJT/JFA), 2009 WL 2474055, at *7 (E.D. Va. Aug. 7, 2009). The fact that settlement was negotiated by able counsel in an arm's-length manner lends credence to the notion that the settlement reached is in the best interest of all Parties. *See Howell v. Dolgencorp, Inc.*, No. 2:09-CV-41, 2011 WL 121912, at *2-3 (N.D. W.Va. Jan. 13, 2011). Moreover, Plaintiff supports the settlement, as evidenced by signing off and agreeing upon the settlement and release of her wage and hour claims. *See* Ex. A, FLSA Settlement Agreement.

Finally, the amount of the settlement is reasonable in relation to the potential recovery. The Parties conducted discovery with regard to potential damages, including the production of payroll records. As part of the Parties' compromise, Defendant has agreed to pay Plaintiff an amount representing all of her alleged unpaid overtime, plus an equal amount in liquidated damages and a portion of her attorneys' fees and costs.[1] *See* Ex. A, FLSA Settlement Agreement ¶ 2. Plaintiff's counsel's request for attorneys' fees and costs is reasonable in light of Plaintiff's full recovery and the fact that they have invested considerably more time and expenses to investigate and prosecute this case than they are being compensated.

In summation, the settlement, taken in its entirety, is a fair, reasonable, and adequate resolution of the claims at issue.

---

[1] Plaintiffs who favorably settle their cases are entitled to reasonable attorneys' fees and costs under the FLSA. *See* 29 U.S.C. § 216(b) (the court "*shall*, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of action") (emphasis added).

**IV. CONCLUSION**

For all of the foregoing reasons, the Parties respectfully request that the Court grant this Motion, approve the proposed FLSA settlement, and issue an Order in the form of the Proposed Order Approving Settlement, attached hereto as Exhibit B.

Dated: December 17, 2018

Respectfully submitted,

By: */s/ Teresa M. Becvar*

Teresa M. Becvar (*Pro Hac Vice*)
Ryan F. Stephan (*Pro Hac Vice*)
STEPHAN ZOURAS, LLP
100 N. Riverside Plaza, Suite 2150
Chicago, Illinois 60606
Tel: (312) 233.1550
tbecvar@stephanzouras.com
rstephan@stephanzouras.com

Philip J. Gibbons, Jr.
N.C. Bar No. 50276
GIBBONS LEIS, PLLC
14045 Ballantyne Corporate Place, Suite 325
Charlotte, North Carolina 28277
Tel: (704) 612.0038
phil@philgibbonslaw.com

*Attorneys for Plaintiff*

By: */s/ Justin R. Barnes*

Justin R. Barnes (*Pro Hac Vice*)
Mary Claire Smith (*Pro Hac Vice*)
JACKSON LEWIS P.C.
1155 Peachtree Street N.E.
Suite 1000
Atlanta, GA 30309
Telephone: (404) 525-8200
Facsimile: (404) 525-1173
barnesjr@jacksonlewis.com
mcsmith@jacksonlewis.com

David R. Golder (*Pro Hac Vice*)

JACKSON LEWIS P.C.
90 State House Square, 8th Floor
Hartford, CT 06103
Telephone: (860) 522-0404
Facsimile: (860) 247-1330
golderd@jacksonlewis.com

Ann H. Smith
N.C. Bar No. 23090
JACKSON LEWIS P.C.
3737 Glenwood Avenue, Suite 450
Raleigh, NC 27612
Telephone: (919) 760-6460
Facsimile: (919) 760-6461
ann.smith@jacksonlewis.com

*Attorneys for Defendant*

8

## CERTIFICATE OF SERVICE

I, the attorney, hereby certify that on December 17, 2018, I filed the attached with the Clerk of the Court using the electronic filing system which will send such filing to all attorneys of record.

                                                                                                   */s/Teresa M. Becvar*