# Exhibit A

DocuSign Envelope ID: 343EFB9B-2193-4826-89F0-31A62808D11E

IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

CIVIL ACTION NO.: 3:18-cv-321-FDW-DCK

| | |
|---|---|
| HOLLIE ROUGEAUX-LUNA, on behalf of herself and all others similarly situated, | ) ) ) ) |
| Plaintiff, | ) ) ) |
| vs. | ) ) ) |
| ALLY FINANCIAL, INC., | ) ) ) |
| Defendant. | ) |

## FAIR LABOR STANDARDS ACT SETTLEMENT AGREEMENT

This Fair Labor Standards Act Settlement Agreement (the "Agreement") is entered into by and between (1) Ally Financial Inc. ("Ally" or "Defendant") and (2) Hollie Rougeaux-Luna, her heirs, executors, administrators, successors, and assigns (collectively "Plaintiff"). The parties agree to the following:

1. **Invalid Without Court Approval.** This Agreement is subject to approval by the United States District Court for the Western District of North Carolina in conjunction with the case captioned Rougeaux-Luna v. Ally Financial Inc., Case No. 3:18-cv-321-FDW-DCK (W.D.N.C.) (the "Litigation"). Plaintiff and Defendant agree to take all action necessary to seek approval of the terms of this settlement by the Court and to take all action necessary to have the claims in the Litigation dismissed with prejudice. To that end, promptly upon execution of this Agreement, Plaintiff's Counsel will prepare a Joint Motion for Approval of FLSA Settlement and will provide it to Defendant's counsel for review, comment, or revisions. The Joint Motion shall seek the entry of an Order approving the terms of this Agreement, including of the Plaintiff's released claims, approving the payment of attorney's fees and expenses, and asking the Court to dismiss the Litigation with prejudice. Except as stated below, in the event the Agreement is not approved: (1) it shall be deemed null and void, of no force and effect, and of no probative value; (2) the Parties hereto represent, warrant, and covenant that in that event it will not be used or referred to for any purpose whatsoever regarding the pursuit of the claims or defenses at issue in the Litigation; and (3) the Parties shall return to their respective positions immediately prior to the execution of this Agreement. Except as stated below, if the Court does not approve any particular provision in this Agreement, the parties may agree to sever any such provision and resubmit the Agreement to the Court for approval.

DocuSign Envelope ID: 343EFB9B-2193-4826-89F0-31A62808D11E

2. **Consideration.** In consideration for signing this Agreement and complying with its terms, subject to Court approval of this agreement, Defendant agrees to pay to Plaintiff and her counsel the total sum of Five Thousand Three Hundred and Sixty-Two Dollars and Fifty-two Cents ($5,362.52), to be apportioned and paid as follows:

> (1) Subject to Court approval, Plaintiff will receive Two Thousand Six Hundred and Eighty-One Dollars and Twenty-Six Cents ($2,681.26). Half of this amount will represent back wages and half will represent liquidated damages, penalties, and other consideration. Thus, Plaintiff shall receive (i) one check for the wages portion of the payment, totaling Thirteen Hundred and Forty Dollars and Sixty-Three Cents ($1,340.63), less required federal and state income and employment taxes, for which she will be issued an IRS Form W-2, and (ii) one check for the non-wages portion of the payment, totaling Thirteen Hundred and Forty Dollars and Sixty-Three Cents ($1,340.63), from which no deductions or withholdings shall be made, and for which she will be issued an IRS Form 1099. Defendant will pay the employer's share of all required payroll taxes on the foregoing payments.
>
> (2) Subject to Court approval, Defendant will pay Plaintiff's counsel Two Thousand Six Hundred and Eighty-One Dollars and Twenty-Six Cents ($2,681.26) in attorney's fees and expenses, for which Plaintiff and Plaintiff's counsel will receive IRS Form 1099s in accordance with applicable law. Defendant agrees not to oppose any request made by Plaintiff to the Court for the above amount in attorney's fees and expenses. Plaintiff's Counsel shall not be entitled to any additional attorney's fees and expenses in connection with this Litigation in excess of what is approved by the Court in connection with this Agreement. If the Court refuses to approve Plaintiff's counsel's attorney's fees as stated herein, in whole or in part, it shall have no impact on the enforceability of the remainder of this Agreement. Any amounts allocated as attorney's fees and expenses under this Agreement that are not approved by the Court shall be reallocated to Plaintiff. If Plaintiff's counsel must take any additional action to obtain approval, such as filing a fee petition with the Court, Defendant agrees not to oppose any such action as long as Plaintiff's counsel seeks no attorney's fees and costs beyond those awarded pursuant to this Agreement and pursuant to the Confidential Settlement Agreement and General Release entered into by the parties contemporaneously herewith in such petition.
>
> (3) Defendant will issue the foregoing payments within twenty-one (21) days after the Court enters an order approving the terms of this Agreement, dismissing the Litigation with prejudice, and expressly retaining jurisdiction to enforce this Agreement, provided (1) Defendant receives a complete copy of this Agreement with an original signature by Plaintiff; (2) Defendant receives IRS Forms W-9 executed by Plaintiff and her Counsel; and (3) Defendant receives an IRS Form W-4 executed by Plaintiff. Counsel for Defendant and Plaintiff

DocuSign Envelope ID: 343EFB9B-2193-4826-89F0-31A62808D11E

agree to work in good faith to accommodate the check issuance process.

3. **Release of Claims by Plaintiff**

Subject to the approval of the Court, in consideration of the benefits inuring to the Parties hereto, Plaintiff releases and forever discharges (i) Defendant; (ii) CompuGroup Technologies, LLC ("CompuGroup"); (iii) any current or former subsidiary, parent company, affiliated entity, related entity, successor, assign, or division of Defendant or CompuGroup; and (iv) any current or former officer, director, trustee, agent, employee, shareholder, representative, advisor, insurer, attorney, or employee benefit or welfare program or plan (including the administrators, trustee, fiduciaries, and insurers of such program or plan) of any entity referenced in or encompassed by subsection (i) through (iii) hereof (collectively, "Releasees"), of and from any and all claims, known and unknown, asserted or unasserted, which Plaintiff has, had, or may have had against Releasees at any time up to and including the date of execution of this Agreement limited to claims concerning the payment of wages or other compensation under federal, state, or local law for hours worked, including but not limited to claims under the Fair Labor Standards Act, North Carolina Wage and Hour Act, or any other state minimum wage laws, state wage payment and collection laws, state overtime statutes, state common law and unjust enrichment, or pursuant to express or implied wage contract claims for hours worked, and including any basis for recovering costs, fees, or other expenses, including but not limited to attorneys' fees incurred in these matters.

If any claim concerning the payment of wages or other compensation is not subject to release, to the extent permitted by law, Plaintiff waives any right or ability to be a class or collective action representative or to otherwise participate in any putative or certified class, collective or multi-party action or proceeding based on such a claim in which Defendant or any other Releasee identified in this Agreement is a party.

4. **Acknowledgments and Affirmations.**

Plaintiff affirms that she has not filed, caused to be filed, or presently is a party to any claim against any Defendant or Releasees, except those in the Litigation.

5. **Governing Law and Interpretation.** This Agreement shall be governed and interpreted in accordance with the laws of North Carolina. In the event of a breach of any provision of this Agreement, either party may initiate proceedings specifically to enforce any term or terms of this Agreement and/or seek any damages for breach, and the prevailing party in any such proceedings shall recover from the non-prevailing party its reasonable attorneys' fees, costs and expenses incurred.

6. **Nonadmission of Wrongdoing.** The Parties agree that neither this Agreement nor the furnishing of the consideration for this Agreement shall be deemed or construed at any time for any purpose as an admission by the Releasees of wrongdoing or evidence of any liability or unlawful conduct of any kind. Defendant and Releasees expressly deny any wrongdoing whatsoever in connection with the allegations in the Litigation.

DocuSign Envelope ID: 343EFB9B-2193-4826-89F0-31A62808D11E

7. **Amendment**. This Agreement may not be modified, altered or changed except in writing and signed by all Parties.

8. **Entire Agreement**. This Agreement sets forth the entire agreement between the Parties hereto, and fully supersedes any prior agreements or understandings between the Parties, except the Confidential Settlement Agreement and General Release entered into by the parties contemporaneously herewith, which is incorporated herein by reference and remains in full force and effect. Plaintiff acknowledges that she has not relied on any representations, promises, or agreements of any kind made in connection with her decision to accept this Agreement, except for those expressly set forth in this Agreement.

9. **Limited Disclosure**. Plaintiff and Plaintiff's Counsel agree not to disclose any information regarding the negotiations leading up to or the existence or substance of this Agreement, except to Plaintiff's immediate family members, tax advisor, counsel with whom Plaintiff chooses to consult regarding her consideration of this Agreement and/or to any federal, state or local government agency. Plaintiff and Plaintiff's Counsel agree not to speak to the press, advertise, solicit, post on social media, or similarly publicize this Agreement or its terms (including, but not limited to, publicizing on a website or using in marketing, advertising or promotional materials). Notwithstanding the foregoing, Plaintiff and Plaintiff's Counsel are not prohibited or restricted from disclosures that are required by law or as may be necessary to enforce this Agreement or to seek approval of this Agreement in connection with the Litigation.

10. **Counterparts**. This Agreement may be executed in one or more counterparts and by facsimile or email. All executed copies of this Agreement, and photocopies thereof (including facsimile and/or emailed copies of the signature pages), shall have the same force and effect and shall be as legally binding and enforceable as the original.

11. **Retention of Jurisdiction**. The Court shall retain jurisdiction with respect to the interpretation, implementation, and enforcement of the terms of this Agreement and all orders and judgments entered in connection therewith, and the Parties and their counsel hereto submit to the jurisdiction of the Court for purposes of interpreting, implementing and enforcing the settlement embodied in this Agreement and all orders and judgments entered in connection therewith.

**PLAINTIFF IS ADVISED THAT SHE HAS UP TO TWENTY-ONE (21) CALENDAR DAYS TO CONSIDER THIS AGREEMENT. PLAINTIFF ALSO IS ADVISED TO AND, IN FACT, HAS CONSULTED WITH HER COUNSEL, PRIOR TO HER SIGNING OF THIS AGREEMENT.**

**PLAINTIFF FREELY AND KNOWINGLY, AND AFTER DUE CONSIDERATION, ENTERS INTO THIS AGREEMENT INTENDING TO WAIVE, SETTLE AND RELEASE ALL WAGE CLAIMS SHE HAS OR MIGHT HAVE AGAINST RELEASEES.**

DocuSign Envelope ID: 343EFB9B-2193-4826-89F0-31A62808D11E

The Parties knowingly and voluntarily sign, and affirm that the signatory below is duly authorized to sign, this Settlement Agreement and Release as a valid and binding act of each, as of the date(s) set forth below:

**ALLY FINANCIAL INC.:**

By: _____   Date: 12/17/2018
Francis P. Kuplicki, Attorney

**HOLLIE ROUGEAUX-LUNA:**

By: _____   Date: 12/12/2018

**PLAINTIFF'S COUNSEL:**

By: _____   Date: 12/13/18